FILED
2005 FEB -4 P 4: 20
U.S. DISTRICT COURT
NEW HAVEN, CT

FILED
2005 FEB -3 P 1: 46
U.S. DISTRICT COURT
NEW HAVEN, CT

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

_____X

| | |
|---|---|
| FRANK DiLORENZO, | CIVIL ACTION |
| Plaintiff | NO. 3:03CV00183 (AWT) |
| VS. | |
| METRO-NORTH RAILROAD COMPANY | **FELA HEARNG LOSS CASE.** **MAY BE FILED IN NEW HAVEN AS ORDERED BY MAGISTRATE JUDGE MARGOLIS.** |
| Defendant | |

_____X

## AMENDED COMPLAINT

### NATURE OF ACTION

1. The plaintiff brings this action against the defendant for injuries suffered by him while in the employee of the defendant Metro-North Railroad Company.

### JURISDICTION

2. This Court has subject matter jurisdiction in this case pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51. Venue properly lies in this Court pursuant to 45 U.S.C. § 56.

## **PARTIES**

3. The plaintiff is of Glenham, New York.

4. The defendant Metro-North Railroad Company (Metro-North) is a railroad corporation duly established by law, and having a usual place of business in New Haven, Connecticut.

## **FACTS**

5. During all times herein mentioned, the defendant Metro-North was a common carrier engaged in the business of interstate commerce, and as such, operated railroads in such business in the states of Connecticut and New York as well as other diverse states.

6. At the time the plaintiff received the injuries complained of, he was employed by the defendant Metro-North as a Welder/Machine Operator in the Track Department and a Track Foreman and a Track Supervisor and a Construction Representative and an Assistant Superintendent of Building Maintenance.

7. At the time the plaintiff received the injuries complained of, the defendant Metro-North was engaged in interstate commerce and the plaintiff was employed in furtherance of said commerce.

## AS AND FOR A FIRST CAUSE OF ACTION

8. The plaintiff adopts by reference and realleges each and every allegation set forth in paragraphs 1 through 7 of this Amended Complaint with the same force and effect as if set forth under this cause of action.

9. Defendant Metro-North owes plaintiff a duty to provide him with a workplace reasonably safe from exposure to foreseeable conditions that it knew or should have known pose a risk of occupational injury, and defendant Metro-North has a duty to take steps to eliminate the risk of occupational injury pertaining to plaintiff's Railroad jobs, tasks and duties.

10. Defendant Metro-North knew or should have known that plaintiff was at risk for sustaining an occupational injury due to his Railroad jobs, tasks and duties.

11. As a result of the negligence of the defendant Metro-North, their agents, servants, or employees, the plaintiff suffered an occupational injury.

12. As a result of the failure of defendant Metro-North, it agents, servants, or employees to use reasonable care to provide the plaintiff with a reasonably safe place in which to work, including but not limited to furnishing him with safe and suitable tools, appliances, equipment, premises, assistance, instructions, training, protective devices, procedures, and properly implementing an adequate hearing conservation program, the plaintiff suffered an occupational injury in the form of hearing loss.

13. As a result of the failure of the defendant Metro-North to properly warn the plaintiff of the risks of occupational injury pertaining to his Railroad jobs, tasks and duties, the plaintiff suffered a permanent occupational injury in the form of hearing loss.

14. As a result of said permanent injuries, plaintiff has suffered and will continue to suffer mental anguish, impairment to earning capacity, medical expenses, and an inability to enjoy life's activities.

## AS AND FOR A SECOND CAUSE OF ACTION

15. The plaintiff adopts by reference and realleges each and every allegation set forth in paragraphs 1 through 7 of this Amended Complaint with the same force and effect as if set forth under this cause of action.

16. On or about May 1, 2002 Metro-North and K&G Power Systems were working on a compressor inside Grand Central Terminal.

17. K & G Power Systems performed said work pursuant to a service contract with Metro-North.

18. The plaintiff was exposed to extremely loud noise of the compressor when it was operated without its insulated covers.

19. Metro-North and its agents, servants and employees negligently operated the compressor without its insulated covers and failed to warn the plaintiff the compressor was going to be operated or that there was a chance the compressor could be operated while work was being performed.

20. As a result of Metro-North's negligence the plaintiff suffered hearing loss, aggravated his hearing loss, suffered and will continue to suffer from tinnitus in his ears, has suffered and will continue to suffer mental anguish, impairment to earning capacity, medical expenses, and an inability to enjoy life's activities.

WHEREFORE, the plaintiff demands judgment against the defendant in the amount of Five Hundred Thousand Dollars ($500,000.00).

PLAINTIFF DEMANDS TRIAL BY JURY.

By his attorneys,

BY _____
Scott E. Perry (ct17236)
CAHILL, GOETSCH & MAURER, P.C.
43 Trumbull Street
New Haven, Connecticut 06510
(203) 777-1000

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 1st day of February, 2005, to Susan B. Parzymieso, Esq., Ryan, Ryan, Johnson & Deluca, LLP, 80 Fourth Street, P.O. Box 3057, Stamford, Connecticut 06905.

_____
Scott E. Perry