UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRANK A. DILORENZO<br><br>    Plaintiffs,<br><br>V.<br><br>METRO-NORTH RAILROAD COMPANY,<br>CONSOLIDATED RAIL CORPORATION<br>AND AMERICAN FINANCIAL GROUP<br>INC., f/k/a AMERICAN PREMIER<br>UNDERWRITERS, INC., f/k/a<br>PENN CENTRAL CORPORATION<br><br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:  CIVIL ACTION NO. 3:03 CV 00183 (AWT)<br>:<br>:<br>:<br>:<br>:  MARCH 23, 2006<br>:<br>:<br>: |

**AMENDED ANSWER AND AFFIRMATIVE DEFENSES
OF THE DEFENDANT, METRO-NORTH RAILROAD COMPANY**

1.  As to the allegations contained in this paragraph of the plaintiff's complaint, the defendant has insufficient knowledge to form a belief as to the truth thereof, and therefore denies same and leave the plaintiff to his proof.

2.  As to the allegations contained in this paragraph of the plaintiff's complaint, the defendant has insufficient knowledge to form a belief as to the truth thereof, and therefore denies same and leave the plaintiff to his proof.

3. As to the allegations contained in this paragraph of the plaintiff's complaint, the defendant has insufficient knowledge to form a belief as to the truth thereof, and therefore denies same and leave the plaintiff to his proof.

4. Admitted.

5. Metro-North admits that it operated a railroad in the states of Connecticut and New York. Metro-North admits that it was engaged in interstate commerce. Metro-North has insufficient knowledge to admit or deny the balance of the allegations contained in this paragraph.

6. Metro-North admits that the plaintiff was employed by it in various positions. Metro-North denies any implication that the plaintiff was injured while at work or that the defendant was negligent.

7. Metro-North admits that it was engaged in interstate commerce and that the plaintiff was employed in furtherance of said commerce. Metro-North denies that the plaintiff was injured due to his employment with Metro-North or that Metro-North was negligent in any manner.

8. Metro-North adopts by reference and restates each and every answer set forth to paragraphs 1 through 7 of this amended complaint with the same force and effect as if set forth more fully under this cause of action.

9. As to the allegations contained in this paragraph of the plaintiff's complaint, the defendant has insufficient knowledge to form a belief as to the truth thereof, and therefore denies same and leave the plaintiff to his proof.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Metro-North adopts by reference and restates each and every answer set forth to paragraphs 1 through 7 of this amended complaint with the same force and effect as if set forth more fully under this cause of action.

16. As to the allegations contained in this paragraph of the plaintiff's complaint, the defendant has insufficient knowledge to form a belief as to the truth thereof, and therefore denies same and leave the plaintiff to his proof.

17. Denied.

18. As to the allegations contained in this paragraph of the plaintiff's complaint, the defendant has insufficient knowledge to form a belief as to the truth thereof, and therefore denies same and leave the plaintiff to his proof.

19. Denied

20. Denied.

### FIRST AFFIRMATIVE DEFENSE

If the plaintiff sustained the injuries and damages in the manner and to the extent as alleged in his complaint, which is herein expressly denied, then said injuries and damages were caused in whole or in part by his own carelessness and negligence.

### SECOND AFFIRMATIVE DEFENSE

The defendant is entitled to a set off and/or credit for payments made by it or on its behalf to the plaintiff or on the plaintiff's behalf for medical expenses and any other benefits for which it is entitled to credit or right of reimbursement pursuant to any applicable collective bargaining agreement.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff has failed to properly and adequately mitigate any damages he may have suffered or sustained.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff's action is barred by the applicable statute of limitations.

THE DEFENDANT,
METRO-NORTH RAILROAD COMPANY

By: _____
Susan B. Parzymieso, Esq., (CT 25301)
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street, P.O. Box 3057
Stamford, CT 06905
Phone No. 203-357-9200

**CERTIFICATE OF SERVICE**

I hereby certify that on March 23, 2006, a copy of the above was mailed to the following counsel and pro se parties of record:

Scott Perry, Esq.
Cahill, Goetsch & Maurer, PC
43 Trumbull Street
New Haven, CT 06511-1059
Attorney for Plaintiff, Frank A. DiLorenzo

_____
Susan B. Parzymieso, Esq.

I:\Procases\205 171\amendedanswer.wpd
205 171