UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

_____X

FRANK DiLORENZO,                                    CIVIL ACTION

     Plaintiff                                        NO. 3:03CV00183 (AWT)

VS.

METRO-NORTH RAILROAD COMPANY,

     Defendant                                        APRIL 13, 2006
_____X

## PARTIES' JOINT JURY CHARGES AND OBJECTIONS

The parties submit herewith their proposed Jury Charges.

Because these Proposed Charges are based on parties' present understanding of the case, the parties reserve the right to submit additional proposed charges.

## THE FOLLOWING SECTIONS CONTAIN THE PLAINTIFF'S PROPOSED CHARGES FOLLOWED BY DEFENDANT'S OBJECTIONS:[1]

### FELA Instruction.

The plaintiff Frank DiLorenzo brings this action against the defendant Metro-North Railroad Company under the Federal Employers' Liability Act or FELA. That act provides in substance that every railroad engaged in interstate commerce shall be liable in damages for injuries to its employees resulting in whole or in part from the negligence of any of its officers, agents or employees or from any defect or deficiency, due to its negligence, in its cars, machinery, track, roadbed or work areas. The purpose "of the

---

[1] On page 13, the Defendant's Proposed Charges begin and are followed by the plaintiff's objections.

FELA legislation is to promote adequate recovery for negligently injured railroad workers and thereby promote safe operating conditions." [2]

[Objection:  The inclusion of the purpose of the FELA is improper and irrelevant.]

## Elements.

In order to find the defendant liable to the plaintiff under the FELA statute, you must find by a preponderance of the evidence:

First, that the defendant is a railroad engaged in interstate commerce;

Second, that the plaintiff was an employee of the defendant in interstate commerce, acting in the course of his employment;

Third, that the defendant or one of its employees or agents was negligent; and

Fourth, that such negligence played a part, no matter how slight, in bringing about an injury to the plaintiff.

The first and second elements are stipulated and agreed to in this case so you need not concern yourself with them.[3]

---

[2]  Kozar v. Chesapeake and Ohio Ry. Co., 320 F. Supp. 335, 387 (WD Mich. 1970), aff'd in part and vacated in part on other grounds, 449 F.2d 1238 (6th Cir. 1971).  See House Judiciary Com. Rep., H.R. Rep. No. 1386, 60th Cong., 1st Sess., 42 Cong. Rec. 4434 et seq. (1908), Sinkler v. Missouri P. R. Co., 356 U.S. 326, 329-30 (1958), and Kernan v. American Dredging Co., 355 U.S. 426, 431-33 (1958).

[3]  Federal Jury Instructions §89-2 (1993).

## **Negligence.**

The third element is whether the defendant or its employees or agents were negligent.

The fact that plaintiff was injured during his employment does not automatically entitle him to recover from his employer. Plaintiff can only recover from the defendant if negligence and the other elements I will describe are established by a preponderance of the evidence.[4]

## **Negligence Defined.**

Negligence is simply the failure to use the same degree of care which a person of ordinary prudence would use in the circumstances of a given situation. It can be the doing of something which a reasonably prudent person would not have done or failing to do something which a reasonably prudent person would have done under the circumstances.[5] The plaintiff claims the railroad or its agents (1) negligently failed to turn off the power before repairing a compressor; (2) failed to make sure the power did not activate the compressor when it was being repaired, (3) failed to warn the plaintiff that there was a possibility that the compressor could activate during efforts to repair the compressor; and (4) failed to warn the plaintiff the compressor was going to be activated.

---

[4] Sand, 4 Modern Federal Jury Instructions, §89-8 (1993).

[5] Sand, 4 Modern Federal Jury Instructions, §89-9 (1993).

## Agents of Railroad

You are instructed that if you find K&G Power System employees were negligent in any way during their efforts in repairing the compressor, and that this negligence was the cause in whole or in part of Mr. DiLorenzo's injury or injuries, you are instructed to find Metro-North Railroad liable for such negligence.[6]

[Objection: This misstates the law and improperly makes the assumption that K&G Power Systems is an agent of Metro-North, which is a question of fact for the jury. See Wallenberg v. Burlington Northern RR. Co., 974 F.Supp. 660, 665 (N.D. Ill. 1997) (citing Baker v. Texas & Pacific RR Co., 359 U.S. 227 (1959)); Schroeder v. Pennsylvania Railroad Co., 397 F.2d 452, 455-56 (7th Cir. 1968) (finding that testimony concerning the control exercised by the railroad and the contract between the parties created a genuine issue of fact); Defendant's charge re Agent v. Independent Contractor.]

## Duty To Instruct And Supervise

The defendant railroad has a duty under the FELA to provide the plaintiff with a reasonably safe place to work by adequately supervising his work and by adequately instructing him as to how to perform his work.[7]

[Objection: This misstates a railroad's duties under the FELA by placing undue emphasis on the railroad's duty to adequately supervise and instruct its employees. See Defendant's charge re Reasonably Safe Place to Work; Kiniry v. Metro-North, No. 3:02CV1680 (JBA) Jury Instructions, charge re Duty to Provide Reasonably Safe Place to Work, p.24 (May 31, 2005, D. Conn)(Kiniry v. Metro-North is another hearing loss case)(a copy of this charge is being sent via separate cover).]

## Notice

---

[6] Sinkler v. Missouri Pacific Railroad Co., 356 U.S. 326, 331, 78 S.Ct. 758, 803 (1958); Schroeder v. Pennsylvania Railroad Co., 397 F.2d 452, 458 (7th Cir. 1968); Rannals v. Diamond Jo Casino, 265 F.3d 442, 450-51 (6th Cir. 2001); Payne v. Baltimore & Ohio Railroad Co., 309 F.2d 546, 549 (6th Cir. 1962); Lockard v. Missouri Pacific Railroad Co., 894 F.2d 299, 303-04 (8th Cir. 1990)

[7] Lindauer v. New York Central R. Co., 408 F.2d 638, 640 (2d Cir. 1969), Erie R. Co. v. Collins, 259 F. 172, 177 (2d Cir. 1919), aff'd., 253 U.S. 77 (1920)

4

The defendant Railroad has a continuing duty to exercise reasonable care to maintain such facility in a reasonably safe condition for use by its employees, which include a duty to exercise ordinary care to inspect and to discover any defect or condition which would render such facility reasonably unsafe.

Actual notice is such notice as is proved to have been given to a party directly and personally, or such as he is presumed to have received personally because the evidence within his knowledge was sufficient to put him upon inquiry.  Constructive notice is information or knowledge of a fact imputed by law to a person (although he may not actually have it), because he could have discovered the fact by proper diligence, and his situation was such as to cast upon him the duty of inquiring into it.[8]

[Objection:  This charge is an incorrect statement of the law.  See Defendant's charges re Reasonably Safe Place to Work, Notice.]

### Duty To Guard Against Foreseeable Risks.

This definition of negligence requires the defendant to guard against those risks or dangers of which it knew or by the exercise of due care should have known.  In other words, the defendant's duty is measured by what a reasonably prudent person would anticipate or foresee resulting from particular circumstances.[9]

[Objection:  This is an incorrect statement of the law.  See Defendant's charge re Foreseeability; Kiniry Jury Charge, p. 22 re Foreseeability.]

### Foreseeable Considerations.

How do you determine whether the defendant railroad knew or, through the exercise of reasonable care, should have known of a particular risk or danger?

---

[8] McKee v. New York Central Railroad Co., 355 F.2d 165, 166 (6th Cir. 1966).

[9] Sand, 4 Modern Federal Jury Instructions §89-10 (1993); see Gallick v. Baltimore & Ohio Railroad Co., 372 U.S. 108 (1963).

First, you may consider any evidence presented concerning the actual knowledge of the railroad or its foreman or other agents.

Second, you may consider any evidence presented concerning whether the risk was brought to the attention of the railroad or its foreman or other agents, for example, through employees' statements, complaints or protests that a particular condition or assignment was dangerous.

Third, you may consider whether a reasonably prudent person would have performed inspections which would have brought the dangerous condition to the defendant's attention or otherwise would have known of the condition.

If you find by a preponderance of the evidence that a reasonably prudent person would have taken reasonable precautions against the risk based on such actual knowledge, statements, complaints or protests or reasonable inspection, and you find that the defendant railroad failed to take such reasonable precautions, then you may find that the defendant railroad was negligent.[10]

[Objection: This is an incorrect statement of the law. See Defendant's charges re Foreseeability, Notice; Kiniry Jury Charge, p. 22 re Foreseeability.]

### Duty To Provide Safe Place To Work.

Thus, the Federal Employers' Liability Act imposed on the defendant railroad a duty to the plaintiff, and to all its employees, to exercise reasonable care to provide him with a reasonably safe place in which to work, reasonably safe conditions in which to work, and reasonably safe tools and equipment.[11]

### Duty To Inspect.

---

[10] Sand, 4 Modern Federal Jury Instructions §89-11 (1993).

[11] Sand, 4 Modern Federal Jury Instructions §89-13 (1993).

This duty includes the responsibility to inspect the premises where the railroad's employees will be working and their equipment, and to take reasonable precautions to protect its employees from possible danger.[12]

## Continuing Duty.

The defendant railroad's duty is a "continuing duty," from which the carrier is not relieved by the fact that the employee's work at the place in question is fleeting or infrequent.[13]

## Duty To Provide Safe Tools, Equipment, Appliances And Machinery.

The Railroad has a duty under the FELA to provide its employees with reasonably safe, suitable and adequate instrumentalities, equipment or premises. Liability may be imposed for injuries resulting from the use of defective, unsafe or inadequate tools, machinery and appliances whether the defect is due to design or lack of maintenance.[14]

[Objection:  This charge is redundant of the other plaintiff's proposed charges regarding duty and misstates the law in that it ignores the fact that the railroad is not an insurer of the safety of its employees while they are on duty.  See Defendant's charge re Insurer; Kiniry charge re Duty to Provide Reasonably Safe Place to Work, p. 24.]

## Duty To Warn.

---

[12]  Sand, 4 Modern Federal Jury Instructions §89-15 (1993).

[13]  Sand, 4 Modern Federal Jury Instructions, §89-16 (1993).

[14]  Shenker v. Balt. & O. R. Co., 374 U.S. 1, 10 L. Ed. 2d 709 (1963); Blair v. B & O., 323 U.S. 600 (1945); Ragsdell v. So. Pac. Transp. Co., 688 F.2d 1281 (9th Cir. 1982).

When a Railroad or its agents know or reasonably should know of a condition in the workplace which creates a danger to an employee doing his job, ordinary care imposes a duty on the Railroad or its agents to warn that employee of the presence of that danger.[15]

### Employee's Right To Assume.

An employee has the right to assume that the Railroad or its agents have taken reasonable precautions to eliminate potential hazards at the work site, and that his co-employees or agents of the railroad are observing the applicable safety rules.[16]

[Objection: this charge misstates the law in that the railroad is not an insurer of the safety of its employees while they are on duty and that the railroad has a right to assume that the plaintiff would observe the applicable safety rules. See Defendant's charge re Safety Rules.]

### Negligence Summary.

To summarize, if you find by a preponderance of the evidence that the defendant railroad or its agents failed to exercise reasonable care to provide the plaintiff with a reasonably safe place to work, reasonably safe conditions, tools, or equipment, or failed in any other way to exercise reasonable care in the circumstances, you may find that the defendant was negligent.[17]

[Objection: this charge is redundant of the other charges regarding negligence and is an incorrect statement of the law in that it ignores other considerations such as contributory negligence and foreseeability. See Defendant's charges re foreseeability, contributory negligence; Kiniry jury charge re Negligence, p. 21 (to which the Defendant objected at trial regarding the third paragraph discussing the degree of care required) and Foreseeability, p. 22.]

### Causation.

---

[15] Holladay v. Chicago, Burlington & Quincy R.R. Co., 255 F. Supp. 879, 884-85 (SD Iowa 1966); Bassett v. New York, C. & St. L. R. Co., 235 F. 2d 900 (3rd Cir. 1956); Erie R. Co. v. Collins, 259 F. 172 (2d Cir.), aff'd, 253 U.S. 77 (1919).

[16] Cazad v. C & O, 622 F.2d 72, 75 (4th Cir. 1980).

[17] Sand, 4 Modern Federal Jury Instructions, §89-21 (1993).

Another element to be determined is whether an injury to the plaintiff resulted in whole or part from the negligence of the railroad or its employees or agents.  In other words, did such negligence play any part, <u>even the slightest</u>, in bringing about an injury to the plaintiff?

However, it is important to remember that there can be more than one cause of an injury.  The involvement of any other cause does not prevent a finding for the plaintiff, as long as you find that the employer's negligence or its agent's negligence played any part, no matter how slight, in causing an injury to the plaintiff.[18]

---

[18] Sand, <u>4 Modern Federal Jury Instructions</u> §89-22 (1993); <u>Smith</u> v. <u>National Railroad Passenger Corp.</u>, 856 F.2d 467, 469 (2d Cir. 1988).

**Contributory Negligence.**

[Only if the court rules that the defendant Metro-North Railroad Company is entitled to a defense of contributory negligence].

If the plaintiff proves any one of its claims was in part a cause of his injury, then the defendant is negligent.

In addition to denying that any negligence of the defendant caused any injury or damage to the plaintiff, the defendant alleges, as a further defense, that some contributory negligence on the part of the plaintiff, himself, was a cause of any injuries and consequent damages plaintiff may have sustained. Contributory negligence is a careless act or omission on the plaintiff's part tending to add new dangers to conditions that the employer negligently created or permitted to exist.

The burden is on a defendant, alleging the defense of contributory negligence, to establish, by a preponderance of the evidence in the case, the claim that the plaintiff himself was also at fault, and that such fault contributed one of the causes of any injuries and consequent damages plaintiff may have sustained. You may not find contributory negligence on the part of the plaintiff, however, simply because he acceded to the request or direction of the responsible representatives of his employer that he work at a dangerous job, or in a dangerous place or under unsafe conditions.

If you find that the plaintiff was in some respect contributorily negligent, this finding cannot defeat his right to recover damages. If you find contributory negligence, the verdict amount will be reduced by the percentage of negligence you attribute to the plaintiff.[19]

[Objection: this misstates the law with respect to contributory negligence and mischaracterizes contributory negligence by the use of the term "careless." See Defendant's charges re Contributory Negligence; Kiniry jury charge re Affirmative Defense: Contributory Negligence, p. 27.]

---

[19] Taylor v. Burlington Northern R.R., 787 F.2d 1309, 1316 (9th Cir. 1986); F.J.P.I. §94.16; Almendarez v. Atchison, T. & S.F. Ry. Co., 426 F.2d 1095 (1970); Chicago, R.I. & P.R. Co. v. Powers Foundation Drilling Co., 294 F. Supp. 921, 924 (W.D. Okla. 1968).

## Lack Of Contributory Negligence

When a railroad employee is asked to assist other employees or agents in need of help, it is part of his job to render such assistance and is not a matter of free choice on his part.[20]  An employee is relieved of the imputation of contributory negligence for obeying an order of his employer which exposes him to danger, unless the danger is so obvious or glaring that no prudent person would follow the order.[21]

[Objection:  this is an incorrect statement of the law in that it ignores the Defendant's safety rules and practices.  Employees are ensurers of their own safety and are required to take the safest course of action at all times and obey the safety rules. Further, the defendant does not believe that this proposed charge will comport with the evidence at trial, i.e., that the plaintiff was not ordered by his employer to expose himself to the alleged danger that the plaintiff claims caused his injury.]

## Damages.

If you decide for the plaintiff on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate him for any of the following elements of damage proved by the evidence to have resulted from the negligence of the defendant or its agents:

(a) In awarding damages, you may include in your verdict any medical expenses or other costs which you find from the evidence that the plaintiff incurred in the past or will incur in the future as a result of the injuries received in this accident.

---

[20] <u>Wilson</u> v. <u>Burlington Northern, Inc.</u>, 670 F.2d 780, 783 (8th Cir. 1982).
[21] <u>Gish</u> v. <u>CSX</u>, 890 F.2d 989, 992-993 (7th Cir. 1989).

(b) In awarding damages, you may include in your verdict, a sum of money which reasonably compensates the plaintiff for any discomfort, pain, suffering, mental anguish, loss of function, and inability to enjoy life's normal activities already suffered by him and proximately resulting from the injury in question.

(c) In awarding damages, you may include in your verdict, a sum of money which will reasonably compensate the plaintiff for any discomfort, pain, suffering, mental anguish, loss of function, inability to enjoy life's normal activities, and fear of the future which you find from the evidence in the case that it is reasonably probable he will suffer in the future from the same cause.

According to the U.S. National Center for Health Statistics, Vital Statistics of the U.S., Annual, the life expectancy of a 56 year old white male person is 23 years.

This fact, of which the Court takes judicial notice, is now in evidence to be considered by you in arriving at the amount of damages, if any, to be awarded, in the event you find the plaintiff is entitled to a verdict.

Life expectancy, as shown by a mortality table, is merely an estimate of the probable average remaining length of life of all persons in our country of a given age, and that estimate is based on not a complete but only a limited record of experience. So the inference which may be drawn from the life expectancy shown by the table applies only to one who has the average health and exposure to danger of people of that age. In considering the life expectancy of the plaintiff, you should consider, in addition to what is shown by the table of mortality, all other facts and circumstances in evidence bearing on the life expectancy of the plaintiff, including his occupation, habits and state of health.

Now, it is not necessary that any witness should have expressed an opinion as to the amount of such damages for such mental anguish, but you, the jury, may estimate the amount of such damages, if any, by considering the facts and circumstances in evidence in light of your own knowledge and experience in the affairs of life. The law prescribes no definite measure of pain and suffering damages but leaves such damages to be fixed by you as your discretion dictates if, after considering all the circumstances that may be just and proper, you find for the plaintiff, Frank DiLorenzo, in this regard.[22]

If you award damages, you are not to make a reduction for contribution of non-Metro-North noise exposures so long as you find that Metro-North or its agents were negligent and that noise exposure from Metro-North or its agents contributed, however slightly, to the plaintiff's hearing loss or tinnitus.[23]

[Objection: the Defendant objects to the use of "injuries received in this accident" in subparagraph (a) as a misstatement of the facts of this case. The plaintiff was not involved in an "accident." This charge also overstates the law with respect to what non-economic compensation the plaintiff may be entitled to. In addition, this charge contains irrelevant information and is an incorrect statement of the law. See Kiniry Jury Instructions, Damages, p. 30 (Defendant Metro-North objected at trial to the last paragraph of this charge, on p. 31 regarding the reduction of damages for contribution of non-Metro-North noise exposures); Kiniry Jury Instructions re Future Damages, p. 32.]

---

[22]  L. Sand, Modern Federal Jury Instructions (Civil), Instruction 89-33 (1987); 28 F.R.D. 401, 445; 5 Am. Jur. Trials at 1023, 1026-27.

[23]  Norfolk & Western Railway Co. v. Ayers, 538 U.S. 135, 144, 158 -159; 123 S. Ct. 1210, 1216, 1224 (2003); Kiniry v. Metro-North, No.02CV1680(JBA), Bench Ruling on Def.'s Motion In Limine Regarding Apportionment (May 25, 2005).

### Wrongdoer Must Take Plaintiff As He Finds Him

A plaintiff's recovery for damages caused by a defendant's wrongful act may not be proportionately reduced because of a pre-existing weakness or susceptibility to injury.[24]  In other words, it is no defense that plaintiff, was more susceptible to injury than would be a normal person.  The wrongdoer must take his victim as he finds him.[25]

If you find the plaintiff's pre-existing condition, if any, made him more susceptible to injury than a person in good health, the defendant is responsible for all injuries suffered by the plaintiff as a result of the defendant's negligence, even if those injuries are greater than would have been suffered by a person in good health under the same circumstances.  If you find the defendant negligently caused further injury or aggravation to any pre-existing condition the plaintiff may have had, the plaintiff is entitled to compensation for all his damages caused by the incident, including further injury or aggravation.[26]

[Objection:  This is an incorrect statement of the law.  See Defendant's charges re Pre-Existing Condition.  In addition, the Defendant does not believe that there will be any evidence at trial that the plaintiff's prior hearing loss made him more susceptible to subsequent hearing loss, or tinnitus.]

### MITIGATION OF DAMAGES

The defendant claims that the plaintiff did not use reasonable diligence to mitigate, avoid or minimize his damages.  The burden is on the defendant to prove by a preponderance of the evidence that the plaintiff failed to act reasonably in minimizing his damages.  If you find by a preponderance of the evidence the plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny him recovery for those damages which he would have avoided had he taken advantage of any such opportunity.  You are the sole judge of whether the plaintiff acted reasonably

---

[24] Maurer v. United States, 668 F.2d 98, 100 (2d Cir. 1981); Wise v. Union Pacific Railroad Co., 815 F.2d 55, 58 (8th Cir. 1987).
[25] Douthwaite, Jury Instructions on Damages in Tort Actions §4-13 (1981).  See also 1 NY PJI 2d §2:283 (1974).
[26] Stevens v. Bangor and Aroostook Railroad Co., 97 F.3d 594, 601 (1st Cir. 1996)

in avoiding or minimizing his damages. The plaintiff is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages.

In deciding whether to reduce the plaintiff's damages because of any failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendant has satisfied its burden of proving that the plaintiff's conduct was not reasonable.[27]

[Objection: This is an incorrect statement of the law. See Defendant's charge re Duty to Mitigate.]

### Discounting Method For Future Non-Pecuniary Damages Such As Pain, Suffering And Mental Anguish.

It is not necessary to reduce your award for future and tangible damages such as pain and suffering and mental anguish by any particular discount rate. It is sufficient if you generally take into account the time value of money without applying any precise mathematical adjustment.[28]

[Objection: This is an incorrect statement of the law. See Defendant's charge re Future Damages; Kiniry Jury Instruction re Future Damages, p. 32.]

### Award Is Not Taxable.

If you make any award of damages, such award is not subject to federal income taxes and you should not consider such taxes in determining the amount of damages, if any.[29]

### Attorney Statements At Trial.

Arguments, statements, and remarks of counsel are intended to help you in understanding the evidence and applying the law, but are not evidence. The dollar figure suggested by plaintiff's counsel as appropriate relief in this case is only a

---

[27] Jones v. Consolidated Rail Corp., 800 F.2d 590, 593 (6th Cir. 1986); Schneider v. National Railroad Passenger Corp., 987 F.2d 132, 136 (2nd Cir. 1993) (stating Jones is the governing legal standard for the duty of mitigation of damages in FELA cases).

[28] Oliveri v. Delta Steamship Lines, Inc., 849 F 2d 742, 751 (CA2 1988).

[29] Sand, 4 Modern Federal Jury Instructions §89-36 (1993).

comment on the evidence or a suggestion.  Such a suggestion is not evidence and you are not bound by it.[30]

## Attorney Interviews.

An attorney has a right to interview a witness for the purpose of learning what testimony the witness will give.  The fact that the witness has talked to an attorney and told him what he would testify to does not, by itself, reflect adversely on the truth of the testimony of the witness.[31]

## THE FOLLOWING SECTIONS CONTAIN THE DEFENDANT'S PROPOSED CHARGES FOLLOWED BY PLAINTIFF'S OBJECTIONS

### PLAINTIFF'S CLAIM UNDER THE FEDERAL EMPLOYERS' LIABILITY ACT

The plaintiff's lawsuit against defendant Metro-North Railroad Company is brought under the Federal Employers' Liability Act, also known as the FELA.  In his claim, the plaintiff alleges that his injuries and damages were caused as a result of the negligence of the railroad.

To recover under this statute, the plaintiff must prove by a preponderance of the credible evidence that his injury resulted in whole or in part from the railroad's negligence.  The FELA should not be confused with a Workers' Compensation case where a worker is compensated for an injury on the job regardless of the negligence or

---

[30] Philadelphia & Reading Ry. v. Sherman, 247 F.269, 271 (2d. Cir. 1917); Modave v. Long Island Jewish Medical Center, 501 F.2d 1065, 1079 (2d. Cir. 1974); Mileski v. Long Island Railroad Co., 499 F.2d 1169, 1172-74 (2d Cir. 1974); Lightfoot v. Union Carbide Corp., 110 F.3d 898, 912 (CA2 1997); Thomas v. Medco, 1998 U.S. Dist. Lexis 13158 (SDNY August 26, 1998).

[31] 45 U.S.C. §60.  United Transportation Union et. al v. Metro-North Commuter Railroad Company, 862 F. Supp. 55 (SDNY 1994), 1995 WL 634906 (SDNY 1995); Norfolk Southern Ry. v. Thompson, 430 S.E. 2d 371 (Ga. App. 1993); Harper v. Missouri Pacific R.R. Co., 636 N.E. 2d 1192 (June 30, 1994; International Business Machines Corp. v. Edelstein, 526 F.2d 37, 41-44 (2d Cir. 1975).

fault of the employer.  Therefore, you should disregard any personal views you have concerning on-the-job injuries and apply the rule of law that the plaintiff cannot collect any damages from the railroad unless and until it is shown that his injury was caused by the fault or negligence of the railroad.[32]

[Plaintiff objects to the last sentence because it omits "in whole or in part" and "even to the slightest" language required be the FELA].

## STATUTE OF LIMITATIONS

The plaintiff has complained that he has sustained hearing loss as a result of his employment with Metro-North.  There was evidence introduced at trial that this hearing loss existed and that the plaintiff had knowledge of it as early as 1997.  Therefore, Metro-North has raised the statute of limitations as a possible defense.  The Federal Employers' Liability Act provides that a railroad employee must bring suit against his railroad employer for any injuries he has suffered in the course of his railroad employment within three years after he knows, or in the exercise of reasonable diligence should know, that he has suffered a job-related injury.  In this case, the suit was filed on January 28, 2003 and served on Metro-North thereafter.  Therefore, Plaintiff must prove to you, by the greater weight of the evidence, that he did not know and should not have known he had suffered hearing loss or that he did not know and should not have known that his employment was a

---

[32] 45 U.S.C. § 51; Shenker v. Baltimore & Ohio R.R., 374 U.S. 1 (1963); Eaton v. Long Island R.R. Co., 398 F.2d 738, 741 (2d Cir. 1968)

potential cause of that injury before January 28, 2000.  If the plaintiff has not met this burden, then his claim is barred by the statute of limitation.[33]

[Objection: this charge misstates the law.  The statute of limitations is an affirmative defense and the burden is on the defendant to prove any part of the plaintiff's claim is barred by the statute of limitations].


## INSURER

The Federal Employers' Liability Act does not make the railroad an insurer of the safety of its employees while they are on duty.  Likewise, the Federal Employers' Liability Act is not an insurance program.  The plaintiff cannot recover if the railroad was not at fault.  The plaintiff must offer evidence of the railroad's negligence and that the railroad's negligence was the cause of the plaintiff's injury.[34]

[Objection:  there is no need to confuse the jury by mentioning insurance.  Also, the charge is repetitive, redundant and confusing in light of fact jury will be charged on what needs to be proved, what evidence is, and what the standard of proof is.]

## REASONABLY SAFE PLACE TO WORK

The railroad was not required under the law to furnish the plaintiff a place to work which was absolutely safe.  Its duty in that respect was only to exercise reasonable and ordinary care to provide a reasonably safe place for the plaintiff to perform the work he

---

[33] 45 U.S.C. § 56; Urie v. Thompson, 337 U.S. 163 (1949); Kichline v. Consolidated Rail Corp., 800 F.2d 356 (3d Cir. 1986); Dubose v. Kansas City Southern Railway Co., 729 F.2d 1026 (5th Cir. 1984); Townley v. Norfolk & Western Railway Co., 690 F.supp. 1513 (S.D.W. Va 1988).

[34] Inman v. Baltimore & Ohio R. Co., 361 U.S. 138, 140, 80 S. Ct. 242, 243, 4 L.Ed 2d 198 (1959) Conway v. Consolidated Rail Corp., 720 F.2d 221, 223 (1st Cir., 1983); O'Hara v. Long Island R. Co., 665 F.2d 8 (2d Cir., 1981); Isgett v. Seaboard Coast Line R.R., 332 F. Supp. 1127, 1139 (1971)

performed.  Furthermore, the railroad is not obligated under the law to eliminate all risks in the work place.  It is only obligated to eliminate unreasonable risks.[35]

[Objection: this charge misstates the defendant's obligations under the Federal Employers' Liability Act.]

## STANDARD OF CARE

The degree of care required by the reasonable care standard varies with the level of risk involved.  The greater the risk of harm, the greater the required level of care.  You may not find the defendant guilty of negligence for failure to guard against a bare possibility of injury.[36] [Objection to the third sentence only because it does not accurately state the law.  See Gallick v.  Baltimore & O R Co., 372 U.S. 108, 113 (1963)]

## FORESEEABILITY

The duty of the railroad is measured by what a reasonably prudent person should or could have anticipated as occurring under the circumstances.  In other words, the railroad must have been able to foresee that a particular condition or situation would cause injury before you can even consider whether its actions were negligent.  Only when the plaintiff proves that his injury was foreseeable or reasonably to be anticipated can you then go on to consider whether or not the railroad was negligent in any way.[37]

---

[35] Brady v. Southern Ry., 320 U.S. 476, 88 L.Ed. 239 (1943); Toledo, St. L. & W.R.R. v. Allen, 276 U.S. 165, 169, 72 L.Ed. 513, 516 (1928); Conway v. Consolidated Rail Corp., 720 F.2d 221, 223 (1983); Tobin v. National Railroad Pass. Corp., 677 F. Supp. 674, 675 (D. Mass. 1988)

[36] Sand, 4 Modern Federal Jury Instructions '89-12; Brady v. Southern Ry., 320 U.S. 476, 483 (1943)

[37] Adams v. CSX Transp., Inc., 899 F.2d 536, 539 (6th Cir. 1990); Peyton v. St. Louis Southwestern R.R. Co., 962 F.2d 832, 833 (8th Cir. 1992); Hartell v. Long Island R.R. Co., 476 F.2d 462, 464 (2d Cir. 1973) ; Robert v. Consolidated Rail Corp., 832 F. 2d 3, 6 (1st Cir. 1987)

[Objection:  this does not accurately state the law.  See Plaintiff's Charges re: Notice and Foreseeability; see also See Gallick v.  Baltimore & O R Co., 372 U.S. 108, 113 (1963)]


## NOTICE OF DEFECT OR CONDITION

In order for the railroad to be held liable, the railroad must have knowledge or notice of the conditions complained of by the plaintiff.  If the plaintiff has not proved to you that the railroad had notice of the conditions, then the plaintiff cannot prevail, and your verdict must be for the defendant railroad.[38] Thus a railroad employer is not liable if it has no reasonable way of knowing that the defect or hazard or conditions complained of by the plaintiff exists.[39]

[Objection:  this does not accurately state the law.  See Plaintiff's Charges re: Notice and Foreseeability]


## NOTICE OF VERY DEFECT OR CONDITION

As I just mentioned, in order for the railroad to be found negligent, the plaintiff must prove to you by a preponderance of the evidence that the railroad had some notice, either actual or constructive of the alleged condition which caused the plaintiff=s injuries.  This notice must be of the very condition or the specific condition which the plaintiff says occasioned his injuries, i.e., the alleged conditions that signal maintainers

---

[38] O'Hara v. Long Island R. Co., 665 F.2d 8 (2nd Cir. 1981); Gallose v. Long Island R. Co., 878 F.2d 80, 85 (2d Cir. 1989); Emig v. Erie Lackawanna Ry. Co., 350 F.Supp. 986, 988 (W.D. Pa.)

[39] Gallose v. Long Island R. Co., 878 F.2d at 80, 85  (2d Cir. 1989)

were unreasonably required to work in such a manner as to put them at risk for suffering from partial high frequency hearing loss.  If the plaintiff does not prove that the railroad had either actual or constructive notice of the alleged defect or deficiency of which the plaintiff complains, then you must find for the defendant.[40] [Objection:  this does not accurately state the law.  See Plaintiff's Charges re: Notice and Foreseeability;  Gallick v. Baltimore & O R Co., 372 U.S. 108, 113 (1963)]

## NOTICE OF DEFECT OR CONDITION

A presumption prevails under the Federal Employers' Liability Act, even after proof of certain condition, that the railroad was not aware of its existence, and until it is shown that the railroad knew or should have known of the condition, it is not charged with such knowledge.[41] [Objection: this does not accurately state the law.  See Plaintiff's Charges re: Notice and Foreseeability]

## AGENCY V. INDEPENDENT CONTRACTOR

The plaintiff is claiming that Metro-North, through its agent, K&G Power Systems, was negligent in causing the plaintiff's injuries.  Metro-North claims that K&G Power Systems was not its agent, but rather an independent contractor and therefore, Metro-North is not liable for any alleged negligence on the part of K&G Power Systems. Whether K&G Power Systems was an agent of Metro-North is a question for you to decide after considering all the facts and circumstances of the case.  Agency is the relationship that results from the manifestation of consent by one person to another that

---

[40] Warren v. Stancliff, 157 Con. 216; Monahan v. Montgomery, 153 Conn. 386; New Britain Trust Co. v. New York, N.H. & H.R. Co., 145 Conn. 390

[41] Southern Ry. Co. v. Bradshaw, 37 S.E.2d 150 (Georgia App. 1946)

the other shall act on his behalf and subject to his control, and consent by the other so to act. Metro-North denies that K&G Power Systems was its agent, and argues that K&G Power Systems was an independent contractor. An independent contractor is one who was hired to perform services for another, which services are done according to his or her own skill and judgment as to the manner or method of performance, free from the control and direction of the person for whom the services are being performed, except as to where, in general, it should be done and the result or product of the work. In deciding whether K&G Power Systems was Metro-North's agent or an independent contractor, you may consider the following factors: was K&G Power Systems a skilled worker; was K&G Power Systems in business for itself, doing work for other persons in addition to Metro-North; was it hired to perform a specific job for Metro-North or was it to perform work generally over an indefinite period; was the work such as to require skill and judgment; was K&G Power Systems paid by the job or on a time basis; who determined the days and hours when work was to be done; who under the (contract, arrangement) between K&G Power Systems and Metro-North was to decide, and who in fact made the decisions concerning the methods, means or procedures of accomplishing the work as distinct from what work there was to do or whether the final result of the work was satisfactory; did Metro-North reserve the right to end the (contract, arrangement) at any time). No one of these factors is decisive. If, on consideration of the evidence as a whole, you find that K&G Power Systems was subject to the direction and control of Metro-North as to the manner or method of performing the work, your finding will be that it was an agent of Metro-North. If, however, you find that K&G Power Systems was free from control or direction by Metro-

North as to the manner or method of performing the work, your finding will be that it was an independent contractor for whose conduct Metro-North is not responsible.[42]

[Objection: this is not the law. See Plaintiff's Proposed Charge "Agents Of Railroad" and cases cited in support thereof.]

## EMPLOYEES MUST UTILIZE DUE CARE

The defendant cannot be charged with negligence in this case by failing to anticipate that Mr. DiLorenzo would not take ordinary and proper precautions to protect and safeguard his health and welfare. Railroad employees must, as part of their duties, exercise due care for their own safety. A railroad is not liable for failure to anticipate a lack of care on the part of its employees, such as Mr. DiLorenzo.[43] [Objection: misstates the law and improperly marshals the facts to support the defendant's position.]

## SAFETY RULES

The defendant railroad company had a right to assume that plaintiff would exercise reasonable care for his own safety and that he would not disobey safety rules and practices. If you should find that the plaintiff violated a safety rule, you shall then consider if the violation of the safety rule in any way created the dangerous situation or added danger to an already dangerous situation that caused plaintiff's injuries.[44]

---

[42] Wallenberg v. Burlington Northern RR. Co., 974 F.Supp. 660, 665 (N.D. Ill. 1997) (citing Baker v. Texas & Pacific RR Co., 359 U.S. 227 (1959))Schroeder v. Pennsylvania Railroad Co., 397 F.2d 452, 455-56 (7th Cir. 1968); New York Pattern Jury Instructions - Civil 2:255 [since this alleged incident occurred in New York State, the defendant submits that New York law with respect to agency applies];Restatement of Law of Agency §1; Mrachek v. Sunshine Biscuit, 308 NY 116, 123 N.E.2d 801 (1954;); Matter of Morton, 284 NY 167, 30 N.E.2d 369 (1940);3 NY Jur2d Agency and Independent Contractors §§ 322-325; McLaughlin v. Chicken Delight, Inc. 164 Conn. 317, 322, 321 A.2d 456 (1973).

[43] Atlantic Coast Line R.R. v. Dixon, 189 F.2d 525 (5th Cir. 1951) cert. denied,
                343, U.S. 830, 72 S. Ct. 54, 96 L.Ed. 628; McGivern v. Northern Pacific Railway Co., 132 F.2d 213, 217 (8th Cir. 1942)

[44] Reading Ry. v. Pope & Talbot, Inc., 192 F. Supp. 663, 667 (D.C.E.D. Pa. 1961);

[Objection to the first sentence because it misstates the law and improperly marshals facts.  No objection to the second sentence provided "defendant" added.]

## CHOICE OF WAY TO PERFORM WORK

If the plaintiff has a choice of doing a particular job in the course of his employment one way involving danger and risk of injury to himself, i.e., without wearing hearing protection, and another way that is safe or less dangerous, i.e., with hearing protection, and he voluntarily chooses the unsafe or more dangerous way, then the plaintiff may be deemed negligent, if the risk of injury was obvious and such as a person of ordinary prudence would have avoided.[45]  [Objection: charge is equivalent of directing a verdict on behalf of defendant and redundant to plaintiffs' charge re: standard of care and contributory negligence.]

## PRE-EXISTING CONDITION

If you find that the plaintiff was injured in the manner as alleged, you must reduce the damages by the likelihood that the plaintiff would eventually have suffered the injury even if he had not been exposed to the occupationally-related noise.[46]

 [Objection: incorrect statement of law.  See Plaintiff's Charge re: pre-existing condition and duty to mitigate and cases cited therein.]

---

Freightways, Inc. v. Stafford, 217 F.2d 831, 836 (8th Cir. 1951), cert. denied, 342 U.S. 830;
Cheffey v. Pennsylvania R.R., 79 F. Supp. 252 (1948);
Norfolk & Western Ry. v. Hall, 49 F.2d 692, 695 (C.C.A. 4, 1931);
Hardie v. N.Y. Harbor Dry Dock Corp., 9 F.2d 545, 546 (C.C.A. 2, 1925).

[45] Jackson v. Illinois Ry., 224 f.2d 76 (7th Cir. 1955); Wadiak v. Illinois Cent. R.R., 208 f.2d 925, 930 (7th Cir. 1953)

[46] Sauer v. Burlington Northern Railroad Co., 106 F.3d 1490, 1495 (10th Cir. 1997).
Lancaster v. Norforlk and Western Ry. Co., 773 F.2d 807, 822 (7th Cir. 1985),

## PRE-EXISTING CONDITION

If, under the evidence, you find that the plaintiff=s hearing loss was sustained prior to the event in question, the defendant is liable only for additional harm or aggravation it caused.  Also, when the plaintiff has a pre-existing condition which would inevitably worsen, the defendant is entitled to have the plaintiff's damages discounted to reflect the proportion of damages that would have been suffered in the absence of the subsequent injury.[47]

[Objection: incorrect statement of law.  See Plaintiff's Charge re: pre-existing condition and duty to mitigate and cases cited therein.]

## INJURY MUST BE CAUSED BY THE DEFENDANT

If, under the evidence, you find that the plaintiff's hearing loss was sustained prior to his employment with the defendant, then the defendant cannot be held liable or responsible for that loss and it would be your duty to return a verdict for the defendant.[48]

[Objection: the charge is an incorrect statement of law.  See Norfolk & Western Railway Co. v. Ayers, 538 U.S. 135, 144, 158 -159; 123 S. Ct. 1210, 1216, 1224 (2003); Kiniry v. Metro-North, No.02CV1680(JBA), Bench Ruling on Def.'s Motion In Limine Regarding Apportionment (May 25, 2005)].

## CONTRIBUTORY NEGLIGENCE

In addition to denying that any negligence on the part of the railroad caused any injury or damage to the plaintiffs, the railroad alleges, as a further defense, that it was negligence on the part of the plaintiff which was the cause of any injuries and

---

cert. denied, 480 U.S. 945 (1987). Maurer v. United States, 668 F.2d 98, 100 (2d Cir. 1981).

[47] Mauer v. United States, 668 F.2d 98 (2d Cir. 1981).

consequent damages the plaintiff may have sustained. Contributory negligence is negligent conduct on the part of the person injured, which plays any part, <u>even the slightest</u>, in producing the injury for which damages are sought.[49]


## CONTRIBUTORY NEGLIGENCE


The plaintiff will be contributorily negligent if you find that he violated or disregarded his doctor's advice by not wearing hearing protection while working for the railroad.[50] [Objection: See Plaintiff's Charge on Contributory Negligence]

## CONTRIBUTORY NEGLIGENCE

If, under the evidence, you find that the plaintiff failed to take adequate and reasonable precautions to protect himself, such as by wearing hearing protection, then he can and should be found to be contributorily negligent.[51] [Objection: See Plaintiff's Charge on Contributory Negligence]


## CONTRIBUTORY NEGLIGENCE

If you find that the railroad was negligent and that the plaintiff was himself contributorily negligent, the plaintiff's damages must be reduced in proportion to the

---

[48] <u>Mauer v. United States</u>, 668 F.2d 98 (2nd Cir. 1981).
[49] <u>Page v. St. Louis Southwestern Ry. Co.</u>, 349 F.2d 820 (5th Cir. 1965)
<u>Ganotis v. New York Central R. Co.</u>, 342 F.2d 767, 68-69 (6th Cir. 1965)
<u>Dixon v. Penn Central Co.</u>, 481 F.2d 833 (6th Cir. 1973)

[50] <u>Conley v. Burlington Northern R. Co.</u>, 765 S.W.2d 272, 273-74 (Mo. Ct. of App. 1988).
[51] <u>Cruz v. Union Pac. R.R.</u>, 707 P.2d 360 (Col. Ct. of App., 1985), <u>citing Murray v. N.Y., N.H. & H. R.R.Co.</u>, 255 F.2d 42 (2d Cir. 1958).

amount of his negligence.  If for instance you find that the plaintiff's injury was caused 50 percent by the negligence of the defendant and 50 percent by the negligence of the plaintiff, the plaintiff would be entitled to recover 50 percent of the damages which were the direct consequence of the injury.[52] [Objection to use of actual percentages as an example.]

## SOLE CAUSE – PLAINTIFF'S NEGLIGENCE

Of course, if you find from the evidence that the sole cause of the plaintiff's injury, if any, was his own negligence, then in such event the plaintiff is not entitled to recover in this case, and it would be your duty to return a verdict for the defendant.[53] [Objection, redundant to contributory negligence charge and comparative fault.]


## DUTY TO MITIGATE

An injured party is under a legal obligation to minimize his damages by seeking and submitting to such medical advice and treatment as a reasonably prudent person in similar circumstances would seek and obtain.  If the medical treatment reasonably required to effect a cure or partial recovery from the alleged medical condition, or prevent the medical condition from worsening, involves normally safe treatment presenting no grave or serious risks to the injured party, then the plaintiff is under a duty to undergo such treatment.  If the plaintiff failed to seek or submit to medical treatment which a reasonably prudent person under similar circumstances would have obtained, he may not recover damages for lost earnings, pain or disability, medical expenses, or

---

[52] 45 U.S.C. '53
[53] Carter v. Atlanta & St. A.B. Ry., 338 U.S. 430, 435 (1949)

any consequences which reasonably would have been avoided had such treatment been rendered.[54]  [Objection:  not an accurate statement of the law.  See Plaintiff's Charge on Mitigation of Damages]

## DUTY TO MITIGATE

It is the duty of the plaintiff to follow any advice given him by his medical treatment providers and to pursue any course of treatment directed for him.  If the plaintiff failed to improve his disability in the way that a reasonably prudent person would have done, or if he failed to follow the advice given him, and thereby his disability was worsened, to the extent this is so, the defendant is not liable to compensate the plaintiff.[55]  [Objection:  not an accurate statement of the law.  See Plaintiff's Charge on Mitigation of Damages]

## DAMAGES MUST BE CAUSED BY NEGLIGENCE

In order for the plaintiff to recover in this case, he must prove by a preponderance of the evidence that any injury he sustained was the result of the negligence of the defendant railroad.  You must not speculate in this respect.  It is not sufficient for the plaintiff to show that such condition could have been caused by the alleged condition.  The railroad is not to be held responsible for any ailments which the plaintiff may suffer which resulted from any cause other than the conditions mentioned in the evidence.  Any physical disability which you find to be attributable to any prior accident or condition and which is not a direct result of the conditions complained of is

---

New York Cent. R.R. v. Marcone, 281 U.S. 345, 350 (1930)

[54] Restatement of Torts, 2d '918; Jones v. Consolidated Rail Corporation, 800 F.2d 590, 593 (6th Cir. 1986); Trejo v. Denver & Rio Grande Western Railroad Co., 568 F.2d 181, 184 (10th Cir. 1977); Papisardi v. United Fruit Co., 441 F. 2d 1308, 1312 (2d Cir. 1971).

[55] Wright, Connecticut Jury Instruction, 2d Ed. ' 242(c), citing Morro v. Brockett, 109 Conn. 87, 92 (1929).

not a part of this action and should not be considered by you. Therefore, any damages or injuries which you find were not caused by the conditions complained of by the plaintiff cannot be considered by you, and the plaintiff cannot recover for them.[56]

[Objection: not an accurate statement of the law. See Plaintiff's Charge on Mitigation of Damages and Aggravation of Pre-Existing Condition.]

## DAMAGES TO BE REASONABLE

Any damages you may decide to award must be reasonable. If you should find that the plaintiff is entitled to a verdict, you may award him only such damages as will reasonably compensate him for injuries as you find, from a preponderance of the evidence in this case, that he has sustained as a result of the conditions which form the basis of the complaint. You are not permitted to award speculative damages. You are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.[57]

## INCOME TAX

Any award you make to the plaintiff in this case will not be subject to income tax, and you should not consider such taxes in fixing the amount of your award.[58]

## NET LOST EARNINGS

If you make an award for loss of earnings, you must also reduce these earnings by the income tax the plaintiff would have paid had he worked and earned the money

---

[56] Chesapeake & Ohio R.R. v. Carnahan, 241 U.S. 241, 244 (1916); Maurer v. U.S., 668 F.2d 98, 99 (2d Cir. 1981); Varhol v. National Railroad Passenger Corp., 909 F.2d 1557, 1565 (7th Cir. 1990)

[57] Devitt & Blackmar, Fourth Ed., F.J.P.I., ' 85.14

[58] Norfolk & Western Ry. Co. v. Liepelt, 444 U.S. 490, 100 S. Ct. 755, 62 L.Ed. 2d 689 (1980)

and reduce any award for lost earnings by that amount. That is, if you decide to make

an award for lost earnings, you must only award the plaintiff net or after tax earnings.[59]

[Objection: not relevant since lost earnings are not sought.]


### FUTURE DAMAGES

If you should find that the plaintiff is entitled to a verdict, and further find that the

evidence in this case establishes a reasonable likelihood of future pain and suffering,

then it becomes the duty of the jury to ascertain the present worth in dollars of such

future damage, since the award of future damages necessarily requires that payment be

made now for a loss that will not actually be sustained until some future date.

Under these circumstances, the result is that the plaintiff will in effect be

reimbursed in advance of the loss, and so will have the use of money which he would

not have received until some future date, but for the verdict.

In order to make a reasonable adjustment for the present use, interest free, of

money representing a lump sum payment of anticipated future loss, the law requires

that you discount or reduce to its present worth, the amount of anticipated future loss,

by taking (1) the interest rate or return which the plaintiff could reasonably be expected

to receive on an investment of the lump sum payment, together with (2) the period of

time over which future loss is reasonably certain to be sustained; and then reduce, or in

effect deduct, from the total amount of anticipated future loss whatever that amount

would be reasonably certain to earn or return, if invested at such rate of interest over

---

[59] Norfolk & Western Ry. Co. v. Liepelt, 444 U.S. 490, 100 S. Ct. 755, 62 L.Ed. 2d 689 (1980)

such future period of time, and include in the verdict an award for only the present worth, the reduced amount of the total anticipated future loss.[60]

Of course, if you consider the interest on they money will earn so as to reduce this award, you should also consider the effect of inflation.  In order to account for the effects of both interest and inflation, you may consider that the interest rate traditionally is 2% higher than inflation and you should, therefore, reduce the amount of the award for future losses by 2% per year.[61]

[Objection: See Plaintiff's Charge on Discounting Method For Future Non-Pecuniary Damages Such As Pain, Suffering And Mental Anguish]

## PAYMENT OF MEDICAL BILLS

The fact that the railroad paid for some of the plaintiff=s medical care does not impose liability upon the railroad for damages, nor is it to be construed as evidence of negligence or an admission of liability.  The only significance of such payment for our purposes here is that the plaintiff cannot recover for any such medical expenses.[62]

[Objection not relevant since the railroad did not pay any medical bills]

## EXPERTS

In this trial you have heard what is commonly known as expert testimony.  Merely because an expert testifies, however, does not mean that you are bound or obliged to credit their testimony, even if it is uncontroverted.  You are entitled to either accept or

---

[60] Devitt & Blackmar, Fourth Ed., F.J.P.I. ' 85.11; Gretchen v. U.S., 618 F.2d 177 (2nd Cir. 1980); Howard v. Chesapeake and Ohio Ry. Co., 812 F.2d 282 (6th Cir. 1987), cert. denied 484, U.S. 820; Chiarello v. Domenico Bus Service, Inc., 542 F.2d 883 (2nd Cir. 1976); Chesapeake & Ohio Ry. v. Kelly, 241 U.S. 485, 36 S. Ct. 630 (1916); St. Louis Southwestern Ry. Co. v. Dickerson, 470 U.S. 1985 (1985)

[61] Doca v. Marina Mercante Nicaraguense, 634 F.2d 30 (2d Cir. 1980), cert. denied 451 U.S. 351 (1981) Jones & Laughlin Steel Corp. v. Pfeifer, 462 U.S. 523, 103 S. Ct. 2541 (1983); DeChico v. Metro-North Commuter R.R., 758 F.2d 856 (2nd Cir. 1985)

[62] Donnelly v. Pennsylvania R.R., 342 Ill. App. 556, 97 N.E. 2nd 846 (1950)

reject their testimony as you see fit. It is in no way binding upon you. It is up to you to consider it with the other circumstances in the case, and, using your best judgment, determine whether or not you will give any weight to it, and if so, what weight you will give to it. The weight to be accorded to the testimony of an expert witness depends upon your conclusion as to the proof and completeness of the facts considered by him in drawing his conclusions. You will determine whether the facts given him were the true facts as you find them and also whether all of the facts you find were made available to him.[63]

[Objection to charge because it overemphasizes basis of judging expert on facts provided to him.]

## CREDIBILITY

You are the sole judge of the credibility of all the witnesses who have testified in this case and of the weight to be given to their testimony. A witness is presumed to speak the truth; but this presumption may be repelled by the manner in which he testified, by the nature of his testimony, by contradictory evidence or by his motives, and in determining the weight to be given to the testimony of each witness on the stand, his manner of testifying, his apparent candor or lack of candor, his apparent fairness or lack of fairness, his apparent intelligence or lack of intelligence, his knowledge and means of knowledge of the subject upon which he testified, together with all of the other circumstances appearing in evidence on the trial.[64] [No Objection so long as the charge is made gender neutral].

---

[63] Wright, Connecticut Jury Instruction, 2d Ed. ' 234; Mather v. Griffin Hospital, 207 Conn. 125, 145 (1988)

[64] Wolfe v. Northern Pac. Ry., 409 P.2d 528 (1966).

## SYMPATHY

Your verdict must be based absolutely and solely upon the evidence here given you on the trial of the case. You should not be swayed or influenced by any sympathy or prejudice for or against any of the parties. You should not be influenced by any claims or comments of counsel which are not warranted by the evidence, but should decide the case upon the evidence presented before you at this trial with due regard to the law as stated by the court, as applied to the facts which you find to be established by the evidence.[65]

## EQUAL STANDING

You must consider and determine this case as litigation between persons of equal standing in the community. You should not be influenced or affected by the fact that the defendant is a railroad or a corporation, nor should you be in any way influenced by any thoughts or ideas you may have as to the financial standing of any party to this litigation. Such matters have no proper place in a case of this kind. This case is to be considered and determined by you in the same unbiased way as you should consider and determine a case between two private individuals.[66] [Objection: it is not accurate since the defendant has legal obligations that are unique because it is a railroad and not an individual].

---

[65] Wright & Ankerman, Connecticut Jury Instructions, 4th Ed., ' 312(a)(b)

[66] Story v. Green, 164 Ca. 768, 772 (1913); Snakenberg v. Minneapolis & St. L. Ry., 194 Iowa 215, 188 N.W. 935, 939 (1922); Hoag v. Washington-Oregon Corp., 75 Ore. 588, 147 Pac. 75, 761 (1915)

FOR THE PLAINTIFF

By_____
   Scott E. Perry, ct17236
   CAHILL, GOETSCH and MAURER, P.C.
   43 Trumbull Street
   New Haven, Connecticut 06511
   (203) 777-1000

THE DEFENDANT,
METRO-NORTH RAILROAD COMPANY

By:

Susan B. Parzymieso, Esq., (CT 25301)
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth St., P.O. Box 3057
Stamford, CT 06905
203-357-9200 [ct 19555]