UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

_____X

| | |
|---|---|
| FRANK DiLORENZO, | CIVIL ACTION |
| Plaintiff | NO. 3:03CV00183 (AWT) |
| VS. | |
| METRO-NORTH RAILROAD COMPANY, | |
| Defendant | APRIL 13, 2006 |

_____X

## PARTIES' JOINT TRIAL MEMORANDUM

1.  **TRIAL COUNSEL**

    Scott E. Perry, Esq.
    George J. Cahill, Jr., Esq.
    CAHILL, GOETSCH & MAURER, P.C.
    43 Trumbull Street
    New Haven, Connecticut  06510
    (203) 777-1000
    - For the Plaintiff -

    Charles A. Deluca, Esq.
    Robert O. Hickey, Esq.
    Susan B. Parzymieso, Esq.
    Ryan, Ryan, Johnson & Deluca, LLP
    80 Fourth St., P.O. Box 3057
    Stamford, Connecticut  06905
    (203) 357-9200
    - For the Defendant -

2.  **JURISDICTION**. This Court has subject matter jurisdiction in this case pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51.  Venue properly lies in this Court pursuant to 45 U.S.C. § 56.

3. **JURY- NONJURY** This is a jury case.

4. **NATURE OF CASE**

The plaintiff brings this case against his employer, Metro-North Railroad, pursuant to the Federal Employers' Liability Act seeking damages for occupational hearing loss, traumatic hearing loss and chronic tinnitus (ringing/buzzing in the ears) caused by noise trauma.

5. **STIPULATIONS OF FACT AND LAW**

    1. The defendant Metro-North Railroad Company is a railroad having a usual place of business at Grand Central Terminal in New York and in New Haven, Connecticut.
    2. The defendant is a common carrier engaged in the business of interstate commerce, and as such, operated a railroad in such business between New York, New York, and New Haven, Connecticut.
    3. At all relevant times, the defendant Metro-North Railroad was engaged in interstate commerce and the plaintiff Frank DiLorenzo was employed in furtherance of said commerce.
    4. The life expectancy of a 56 year old white male is 23 years.

6. **PLAINTIFF'S CONTENTIONS**

Pursuant to the Federal Employers' Liability Act, sometimes referred to as the FELA, 45 U.S.C. Section 51 et seq., the plaintiff brings this action for damages against the defendant Railroad for personal injuries suffered by him while in the employ of the defendant Railroad. The plaintiff claims that he suffered noise induced hearing loss and chronic tinnitus and it was caused in whole or in part by the negligence of the defendant Railroad and its agents. The plaintiff claims damages for past and future medical expenses, as well as for past and future pain, suffering, mental anguish, and loss of enjoyment of life's activities.

The plaintiff claims that as a result of the railroad's negligence or the negligence of its agents, he suffered noise induced hearing loss and tinnitus (a chronic ringing in his

2

ears). The Federal Employers' Liability Act applies to railroad employees. If you have heard of workers' compensation you should understand that railroad employees do not have workers' compensation and if they claim to have been injured as a result of their employment, they can only seek redress by bringing a claim or lawsuit under the FELA. Railroad employees are not entitled to make a workers' compensation claim. A claim brought pursuant to the FELA is not a workers' compensation case and you will be required to follow the law as I explain it to you at the end of the case.

The plaintiff claims the defendant Railroad was negligent in failing to provide him with a reasonably safe place to work, in contravention of its duties under the FELA. The defendant negligently failed to provide him with a workplace reasonably safe from exposure to foreseeable conditions that it knew or reasonably should have known pose a risk of occupational injury. The defendant negligently failed to take steps to eliminate the risk of occupational injury pertaining to his jobs, tasks and duties. The defendant failed to provide him with a reasonably safe place in which to work including but not limited to failing to furnish him with safe and suitable tools, appliances, equipment, premises, assistance, training, protective devices and procedures.

The plaintiff also claims the railroad or its agents (1) negligently failed to turn off the power before repairing a compressor; (2) failed to make sure the power did not activate the compressor when it was being repaired, (3) failed to warn the plaintiff that there was a possibility that the compressor could activate during efforts to repair the compressor; and (4) failed to warn the plaintiff the compressor was going to be activated.

The plaintiff claims he has suffered and will suffer damages as a result of the defendant Railroad's negligence, including past and future medical expenses in the form of hearing aids and batteries, mental anguish including loss of normal use of a healthy body and loss of enjoyment of life. The plaintiff seeks reasonable money damages that will compensate him for all his claimed past and future injuries and losses including his chronic tinnitus.

**[The defendant, Metro-North, objects to the second paragraph discussing workers' compensation. The defendant believes this is a statement of the law, rather than a description of the nature of this case.]**

7.  **DEFENDANT'S CONTENTIONS**

The defendant Metro-North denies that the plaintiff has suffered noise-induced occupational hearing loss and tinnitus due to its alleged negligence. The defendant submits that to the extent the plaintiff suffered hearing loss and/or tinnitus, it is not due to the negligence of this defendant or any of its agents. To the extent that the plaintiff is claiming that he suffered tinnitus or other injuries from the alleged negligent acts of a company called K&G Power Systems, the defendant denies that K&G Power Systems was at any time acting as an agent of Metro-North. Rather, the defendant claims the plaintiff's alleged injuries were caused by his own carelessness and negligence.

To the extent that some or all of the plaintiff's medical and other expenses have been paid by, or on behalf of, the defendant, the defendant claims it is entitled to a set-off or credit in the amount of any such payment.

The defendant claims the plaintiff has failed to properly and adequately mitigate any damages he may have suffered or sustained.

The defendant claims the plaintiff's claims are barred by the applicable statute of limitations.

(8) **LEGAL ISSUES**

See the parties' Jury Charge and Motions In Limine.

(9) **VOIR DIRE QUESTIONS**

Plaintiff's Proposed Voir Dire Questions are attached hereto.

Defendant's Proposed Voir Dire Questions are being sent via separate filing.

(10) **LIST OF WITNESSES BY PLAINTIFF**

A. **Witnesses The Plaintiff Intends To Call**

**Frank A. DiLorenzo,** Metro-North Employee

Frank DiLorenzo is expected to testify about the circumstances and events surrounding his employment with Metro-North, including but not limited to the circumstances and events surrounding his exposure to loud noise on or about May 1,

2002. He is also expected to testify about the purposes and functions of the compressor and the nature of the relationship between Metro-North and K&G Power Systems. He will also testify about the medical treatment he received, his hearing difficulty, his mental anguish, his constant tinnitus, the cost of the hearing aids he purchased, and the cost of batteries and his loss of enjoyment of life's activities.

**Nick Giammona,** Metro-North Employee

Mr. Giammona is expected to testify about the work that was being performed on or about May 1, 2002, the purposes and functions of the compressor, and the facts and circumstances surrounding the noise exposure of Mr. DiLorenzo on that day, and the nature of the relationship between Metro-North and K&G Power Systems.
[The Defendant objects to this witness because he was not disclosed until April 10, 2006 when Metro-North received Plaintiff's supplemental response to plaintiff's first set of interrogatories.] [Plaintiff's Response: Nick Giammona's identity as potential witness was made know to the defendant over a year and half ago. His name is on an invoice the defendant marked as an exhibit and questioned the plaintiff about in 2005.]

**Dr. J. Cameron Kirchner,** 40 Temple Street, New Haven, CT 06510

Dr. Kirchner, the plaintiff's treating ear, nose and throat physician and retained expert, is expected to testify about his diagnosis, examinations and course of treatment for the plaintiff, as well as the plaintiff's medical history, prognosis, future medical treatment, extent of disability and causation. Dr. Kirchner is also expected to testify consistent with his expert disclosures and opinions set forth during his several days of his deposition testimony including his opinions that (1) Mr. DiLorenzo suffers chronic tinnitus as a result of his exposure to noise while working for Metro-North; (2) Dr. Kirchner will also testify that Mr. DiLorenzo suffered occupational hearing loss caused, in part, from his work for Metro-North; and (3) that Mr. Dilorenzo needed hearing aides as a result of his occupational hearing loss and to help alleviate that problem of chronic tinnitus. Dr. Kirchner relies on his two medical examinations of the plaintiff, the medical and work history provided by the plaintiff, two audiograms taken by Dr. Kirchner's office,

5

his training, education and experience as a board certified ear nose and throat doctor. (A copy of Dr. Kirchner's Disclosure and CV is attached hereto)

**Anne Eagan Kirsch, Metro-North Assistant Safety Director, 347 Madison Avenue, New York, New York.**

Metro-North's Safety Director is expected to testify regarding Metro-North's Hearing Conservation Program, testing for occupational noise, test results, training, education and warnings, safety rules, and the use of hearing protection. She is also expected to testify consistent with her trial testimony in <u>Kiniry v. Metro-North</u>, deposition testimony, and as Metro-North's 30b6 witness concerning various topics.

**B. Witnesses The Plaintiff May Call**
**Foundation Witnesses For Various Exhibits in the event Metro-North objects to any exhibits on the basis of authenticity or foundation**.

Plaintiff reserves the right to call any witnesses identified by defendant.

Plaintiff reserves the right to call additional witnesses for purposes of rebuttal or for impeachment.

**(10) LIST OF WITNESSES BY DEFENDANT**

The defendant reserves the right to call all of the witnesses listed by the plaintiff. The defendant also reserves the right to call witnesses for the purpose of impeachment or rebuttal. In addition, the defendant may call the following witnesses:

A. Dr. Joseph Sataloff, 1721 Pine Street, Philadelphia, PA 19103, has been disclosed as the defendant's expert and is expected to testify in accordance with his report which has been previously disclosed, a copy of which is attached along with his curriculum vitae;

B. Sal Monte, Assistant Director of Track & Structures, is expected to testify regarding the job responsibilities of the plaintiff as Assistant Superintendent of Building

6

Maintenance, the daily activities of assistant superintendents of building maintenance, the exposure of assistant superintendents of building maintenance to noise, the availability of hearing protection; Metro-North safety rules regarding reporting incidents; the air compressors located in Grand Central Terminal; the procedures for maintaining, inspecting and repairing the air compressors located in Grand Central Terminal; Metro-North's relationship with K&G Power Systems; Metro-North's process for purchasing air compressors; and the facts and the circumstances surrounding the allegations in the complaint;

C. Walter Cinquanta, Senior Construction Engineer, is expected to testify regarding the job responsibilities of the plaintiff as a construction representative, the daily activities of construction representatives, the exposure of construction representatives to noise; the availability of hearing protection; Metro-North safety rules regarding reporting incidents; and the facts and the circumstances surrounding the allegations in the complaint;

D. Mike McGuire, Manager of Service Plant, is expected to testify regarding the job responsibilities of the plaintiff as Assistant Superintendent of Building Maintenance, the daily activities of assistant superintendents of building maintenance, the exposure of assistant superintendents of building maintenance to noise, the availability of hearing protection; Metro-North safety rules regarding reporting incidents; the air compressors located in Grand Central Terminal; the procedures for maintaining, inspecting and repairing the air compressors located in Grand Central Terminal; and the facts and the circumstances surrounding the allegations in the complaint;

**[The plaintiff objects to this witness because he was not disclosed until April 12, 2006]**

**[Defendant's Response: The Defendant is under no obligation to disclose the fact witnesses it intends to call at trial absent an interrogatory calling for such disclosure. The plaintiff is not prejudiced by this disclosure. There is no trial date and he may take this witness's deposition.]**

[Plaintiff's Response: Fed. R. Civ. P. 26(a)(1) requires automatic disclosure of all witnesses a party may use at trial.]

E. Rita Seaton, Supervisor of Operations Support, is expected to testify regarding the job responsibilities of the plaintiff as Assistant Superintendent of Building Maintenance, the daily activities of assistant superintendents of building maintenance, the exposure of assistant superintendents of building maintenance to noise, the availability of hearing protection; the air compressors located in Grand Central Terminal; the procedures for maintaining, inspecting and repairing the air compressors located in Grand Central Terminal; Metro-North's relationship with K&G Power Systems;  Metro-North's process for purchasing air compressors; Metro-North safety rules for reporting incidents; and the facts and the circumstances surrounding the allegations in the complaint;

**[The plaintiff objects to this witness because she was not disclosed until April 12, 2006]**

**[Defendant's Response: The Defendant is under no obligation to disclose the fact witnesses it intends to call at trial absent an interrogatory calling for such disclosure.  The plaintiff is not prejudiced by this disclosure.  There is no trial date and he may take this witness's deposition.]**

[Plaintiff's Response: Fed. R. Civ. P. 26(a)(1) requires automatic disclosure of all witnesses a party may use at trial.]


F. John Gandolfo, President of K&G Power Systems is expected to testify regarding the air compressors it supplied to Metro-North, maintenance, inspection and repair procedures for air compressors, exposure to noise from air compressors, air compressor specifications, safety precautions relating to air compressors, and work performed by K&G Power Systems in Grand Central Terminal on May 1, 2002;

**[The plaintiff objects to this witness because his name was never disclosed during discovery and the plaintiff was first made aware of this individual and that he is a potential witness on April 12, 2006]**

**[Defendant's Response: The Defendant is under no obligation to disclose the fact witnesses it intends to call at trial absent an interrogatory calling for such**

disclosure.  The plaintiff is not prejudiced by this disclosure.  There is no trial date and he may take this witness's deposition.]

[Plaintiff's Response: Fed. R. Civ. P. 26(a)(1) requires automatic disclosure of all witnesses a party may use at trial.]

G.  Gerald Winton, K&G Power Systems employee who performed work on air compressors at Grand Central Terminal on May 1, 2002 is expected to testify regarding maintenance, inspection and repair procedures for air compressors, exposure to noise from air compressors, safety precautions relating to air compressors, and the work that was performed by K&G Power Systems in Grand Central Terminal May 1, 2002;

[The plaintiff objects to this witness because his name was never disclosed during discovery and the plaintiff was first made aware of this individual on April 12, 2006 at 4:35 p.m.]

[Defendant's Response: The Defendant is under no obligation to disclose the fact witnesses it intends to call at trial absent an interrogatory calling for such disclosure.  The plaintiff is not prejudiced by this disclosure.  There is no trial date and he may take this witness's deposition.  Further, plaintiff's inclusion of the exact time of this witnesses disclosure is irrelevant and argumentative.]

[Plaintiff's Response: Fed. R. Civ. P. 26(a)(1) requires automatic disclosure of all witnesses a party may use at trial.]

H.  William Mahoney, Director of Safety, Metro-North, is expected to testify regarding Metro-North's hearing conservation programs and the availability of hearing protection devices, and the facts and circumstances surrounding the allegations in the complaint.

**(11). <u>PLAINTIFF'S LIST OF EXHIBITS</u>:**

1. K&G Power Systems Job Invoice dated May 1, 2002
2. Family Hearing Center Invoice dated 1/13/05
3. Family Hearing Center Credit Card Receipts 1/14/05, 1/17/05
4. Mr. DiLorenzo's Audiogram Results from…
    a. Dr. Kirchner Audiogram Results from January 7, 2003;
    b. Dr. Kirchner Audiogram Results from November 23, 2004.

5. FAQs Metro-North Hearing Conservation Program (2pg).

6. Metro-North Safety Rule Book, or portions thereof.

**Deposition/Trial Transcripts/Trial Video Testimony**

7. Portions Metro-North's 30(b)(6) Witness: Ann E. Kirsch's May 18, 2004 and September 21, 2004 Deposition Tr.

[Metro-North does not waive any objection with respect to plaintiff's proposed exhibit number 6 without first having the opportunity to see what the plaintiff intends to introduce as evidence. In addition, Metro-North objects to this proposed exhibit on the grounds that it is hearsay under FRE 801 and that the plaintiff has not shown that the declarant is unavailable under FRE 804.]

8. Portions Ann E. Kirsch's Trial Testimony in <u>Kiniry v. Metro-North</u>

[Metro-North does not waive any objection with respect to plaintiff's proposed exhibit number 6 without first having the opportunity to see what the plaintiff intends to introduce as evidence. In addition, Metro-North objects to this proposed exhibit on the grounds that it is hearsay under FRE 801 and that the plaintiff has not shown that the declarant is unavailable under FRE 804.]

9. Metro-North Sound Level Results, if any, pertaining to Noise Levels of Compressors and other sounds the plaintiff was exposed to.

[Metro-North objects to Plaintiff's proposed exhibit number 8 on the basis that it is irrelevant under FRE 401 and 403 and any probative value is outweighed by the prejudice to defendant Metro-North.]

*Plaintiff reserves the right to introduce any exhibits identified by defendant, and reserves the right to use additional exhibits for purposes of rebuttal or impeachment.*

**(11). LIST OF EXHIBITS BY DEFENDANT**

The defendant reserves the right to introduce all the exhibits listed by the plaintiff. The defendant also reserves the right to introduce exhibits for impeachment or rebuttal. In addition, the defendant may introduce the following exhibits:

**D1.  Plaintiff's February 1, 2005 FELA Complaint;**

[plaintiff objects per Fed. R. Evid. 402, 403, 801 and 802]

**D2. Plaintiff's Metro-North personnel file or portions thereof;**

[plaintiff reserves his right to object depending on what portions are offered]

**D3.  Plaintiff's Metro-North Medical Department file, or portions thereof;**

[plaintiff reserves his right to object depending on what portions are offered]

**D4. Plaintiff's May 16, 2001 Audiogram (one page);**


**D5.  Metro-North Job Description Sheet;**

[plaintiff objects per 402, 403, 801 and 802]

**D6. Plaintiff's October 6, 1997 Hearing Test Form (2 pages);**

[plaintiff objects per 403, 801 and 802]

**D7.  Plaintiff's August 25, 1997 Metro-North Employment Application (4 pages);**

[plaintiff objects per 402, 403, 801 and 802]

**D8.  Plaintiff' October 6, 1997 Audiogram (one page);**

**D9.  Plaintiff's October 6, 1997 Preplacement Medical Examination Form (2 pages);**

[Plaintiff objects per Fed. R. Evid. 402, 403, 801 and 802]

**D10.  Plaintiff's Medical Evaluation Results, dated October 6, 1997 (one page);**

[plaintiff objects because it was not disclosed until April of 2006 and per Fed. R. Evid. 403, 801 and 802]

[defendant's response: the plaintiff is not prejudiced by this disclosure. This document was signed by the plaintiff and therefore he had knowledge of its existence since 1997.]


**D11. Plaintiff's Request for Occupational Health Services, dated October 5, 2005 (one page);**

[plaintiff reserves his right to object upon receipt and review of the document]

**D12. Metro-North Incident Review and Investigation training attendee list;**

[plaintiff objects because the defendant never produced or disclosed this exhibit and per Fed. R. Evid. 402, 403, 801 and 802]

[defendant's response: the defendant is under no obligation to disclose documents it intends to use at trial absent a request for production calling for such disclosure. The plaintiff is not prejudiced by this disclosure.]

**D13.  Metro-North Incident Investigation and Reporting Manual, rev. 12/16/02;**

[Plaintiff objects because the defendant never produced or disclosed this exhibit and per Fed. R. Evid. 402, 403, 801 and 802]

[defendant's response: the defendant is under no obligation to disclose documents it intends to use at trial absent a request for production calling for such disclosure. The plaintiff is not prejudiced by this disclosure.]

**D14. Dr. J. Cameron Kirschner's medical records concerning the plaintiff, or portions thereof;**

[plaintiff objects per Fed. R. Evid. 801 and 802]

**D15.  Plaintiff's January 7, 2003 Audiogram (one page);**

**D16.  Plaintiff's November 23, 2004 Audiogram (one page);**

**D17.   Plaintiff's military records, or portions thereof;**

[plaintiff reserves his right to object depending on what portions are offered]

**D18.  Beacon Medical's medical records concerning the plaintiff, or portions thereof;**

[plaintiff objects per 402, 403, 801 and 802]

**D19.  Metro-North Safety Rulebook, or portions thereof, including but not limited to Safety Rules 9003 and 9004, and the Safety Instructions for Supervisory Personnel;**

12

[plaintiff reserves his right to object depending on what portions are offered]

**D20.  Sample earplugs;**

**D21.  Safety Bulletin 175, dated December 16, 1997**;

[plaintiff objects per 402, 403, 801 and 802]

**D22.  Metro-North specifications for rotary screw air compressor;**

[Plaintiff objects because this exhibit was never produced or disclosed and per Fed. R. Evid. 402, 403, 801 and 802]

[defendant's response: the defendant is under no obligation to disclose documents it intends to use at trial absent a request for production calling for such disclosure.  The plaintiff is not prejudiced by this disclosure.]

[Plaintiff's Response: Fed. R. Civ. P. 26(a)(1) requires automatic disclosure of all documents a party may use at trial.]

**D23.  Ingersoll Rand air compressor specifications and product materials;**

[Plaintiff objects because this exhibit was never produced or disclosed and per Fed. R. Evid. 402, 403, 801 and 802]

[defendant's response: the defendant is under no obligation to disclose documents it intends to use at trial absent a request for production calling for such disclosure.  The plaintiff is not prejudiced by this disclosure.]

[Plaintiff's Response: Fed. R. Civ. P. 26(a)(1) requires automatic disclosure of all documents a party may use at trial.]

**D24.  Metro-North Incident Investigation and Reporting Manual;**

[Plaintiff objects because this exhibit was never produced or disclosed and per Fed. R. Evid. 402, 403, 801 and 802]

[defendant's response: the defendant is under no obligation to disclose documents it intends to use at trial absent a request for production calling for such disclosure.  The plaintiff is not prejudiced by this disclosure.]

[Plaintiff's Response: Fed. R. Civ. P. 26(a)(1) requires automatic disclosure of all documents a party may use at trial.]

**D25. Metro-North Bid Package for rotary screw air compressor;**

[Plaintiff objects because this exhibit was never produced or disclosed and per Fed. R. Evid. 402, 403, 801 and 802]

[defendant's response: the defendant is under no obligation to disclose documents it intends to use at trial absent a request for production calling for such disclosure. The plaintiff is not prejudiced by this disclosure.]

[Plaintiff's Response: Fed. R. Civ. P. 26(a)(1) requires automatic disclosure of all documents a party may use at trial.]

**D26. K&G Power System Bid Documents for rotary screw air compressor;**

[Plaintiff objects because this exhibit was never produced or disclosed and per Fed. R. Evid. 402, 403, 801 and 802]

[defendant's response: the defendant is under no obligation to disclose documents it intends to use at trial absent a request for production calling for such disclosure. The plaintiff is not prejudiced by this disclosure.]

[Plaintiff's Response: Fed. R. Civ. P. 26(a)(1) requires automatic disclosure of all documents a party may use at trial.]

**D27. Daily Planning Records for Service Plant, April - May, 2002;**

[Plaintiff objects because this exhibit was never produced or disclosed and per Fed. R. Evid. 402, 403, 801 and 802]

[defendant's response: the defendant is under no obligation to disclose documents it intends to use at trial absent a request for production calling for such disclosure. The plaintiff is not prejudiced by this disclosure.]

[Plaintiff's Response: Fed. R. Civ. P. 26(a)(1) requires automatic disclosure of all documents a party may use at trial.]

**(12). DEPOSITION TESTIMONY**

The plaintiff identified as exhibits, to which the defendant objected, the portions of depositions he intends to read into evidence as admissions of a party opponent. The plaintiff objects to the defendant reading any deposition into evidence because it is hearsay evidence as offered by the defendant.

**(13). REQUESTS FOR JURY INSTRUCTIONS**

The Parties' Joint Proposed Jury Instructions with Objections are attached hereto.

**(14). ANTICIPATED EVIDENTIARY PROBLEMS**

See the Parties' Motions In Limine and Evidentiary Objections
(a) Plaintiff's Claims Against Conrail And Settlement With Conrail Are Inadmissible
(b) Plaintiff's Knee Injury in the 1990s and His Claim and Settlement are Inadmissible

Metro-North intends to file a Motion in Limine to preclude testimony of plaintiff's expert witness, Dr. J. Cameron Kirchner under Daubert and Kumho.

Metro-North objects to the plaintiff's proposed exhibits to the extent they are or contain hearsay, are irrelevant or immaterial, that they are not authentic copies of what they purport to be, and/or they lack foundation. The defendant expressly reserves all evidentiary objections to the plaintiff's proposed exhibits.

**(15). PROPOSED FINDINGS**

Not applicable

**(16) TRIAL TIME**

The parties anticipate trial will last 3-5 days.

**(17) FURTHER PROCEEDINGS**

The Court may want to hear oral argument on the parties' motions in limine.
Defendant's Motion in limine to preclude testimony of plaintiff's expert witness, Dr. J. Cameron Kirchner under Daubert and Kumho.

**(18) ELECTION OF TRIAL BY MAGISTRATE**

The parties do not consent to trial by magistrate.

                      FOR THE PLAINTIFF,

BY _____/s/ Scott Perry_____
Scott E. Perry, Esquire
CAHILL, GOETSCH & MAURER P.C.
43 Trumbull Street
New Haven, Connecticut  06511
(203) 777-1000   [ct 17236]

FOR THE DEFENDANT,

BY _____
Susan Parzymieso, Esq.
Ryan Ryan Johnson & Deluca
80 Fourth St., P.O. Box 3057
Stamford, CT 06905
203-357-9200 [ct 19555]

17