UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

———————————————————X

FRANK DiLORENZO,                                CIVIL ACTION

    Plaintiff                                              NO. 3:03CV00183 (EBB)

VS.

METRO-NORTH RAILROAD COMPANY,

    Defendant                                           APRIL 12, 2006
———————————————————X

### PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE METRO-NORTH FROM MENTIONING VARIOUS IRRELEVANT AND UNDULY PREJUDICIAL FACTS

The plaintiff moves, in limine, for an Order barring Metro-North's counsel from mentioning, referring or questioning any witnesses concerning various irrelevant and unduly prejudicial matters.

**A. Claim and Settlement of Claim For Hearing Loss Against Conrail**

A couple years ago Mr. DiLorenzo settled his hearing loss claim against Conrail/Penn Central for about $2,250. Conrail/Penn Central was a named defendant in the instant action. Metro-North should not be permitted to mention this fact or question any witnesses, including the plaintiff about anything related to his claim against Conrail/Penn Central for hearing loss or settling the claim. Any reference to the fact he made a claim, settled his claim or the amount of his settlement is irrelevant, unduly prejudicial and is likely to mislead the jury. See Fed. R. Evid. 402 and 403; Norfolk & Western Railway Co. v. Ayers, 538 U.S. 135, 144, 158 -159; 123 S. Ct. 1210, 1216,

1224 (2003) (holding jury in FELA case is not required to make a reduction for contribution of settling party exposures so long as the jury finds that the non-settling defendant was negligent and that exposure from the non-settling defendant contributed, however slightly, to the plaintiff's injury).

Accordingly, the Court should preclude Metro-North from mentioning, referring or alluding to any prior claim against Conrail/Penn Central for hearing loss.

**B.  Injury to Plaintiff's Left Knee in 1990s, Claim Made and Settlement**

Mr. DiLorenzo settled a personal injury claim involving cartilage damage to his left knee in the mid 1990s for about $50,000. Evidence of plaintiff's prior lawsuit, settlement, settlement amount and release are inadmissible. Simply put, this information is not relevant to whether the plaintiff is entitled to recover for the injuries that are the subject of the instant lawsuit. For the reasons set forth herein, the Court should preclude the defendant railroad from introducing any such evidence during trial.

In Richardson v. Missouri Pacific Railroad Co., 186 F.3d 1273, 1278 (10th Cir. 1999), the Tenth Circuit Court of Appeals addressed this issue and unequivocally held that evidence of a plaintiff's prior lawsuit, settlement, settlement amount and release are not relevant or admissible. In Richardson the plaintiff sought to recover money damages for an on-the-job injury he suffered to his back and neck in 1996. In 1986, the plaintiff had sued the railroad for an on-the-job back injury, and the railroad settled with the plaintiff after he signed a release.

During the trial the plaintiff's 1996 accident, the railroad introduced evidence of the plaintiff's prior lawsuit, the fact there was a settlement, the settlement amount, and the release the plaintiff signed. The Tenth Circuit held:

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, postage prepaid, on this 13 day of April, 2006 to Susan Parzymieso, Esq., Ryan, Ryan, Johnson & Deluca, LLP, 80 Fourth Street, P.O. Box 3057, Stamford, Connecticut 06905.

_____
Scott E. Perry