UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRANK DiLORENZO, | |
| Plaintiff, | CIVIL NO. |
| v. | |
| METRO-NORTH RAILROAD COMPANY, | 3:03 CV 183 (EBB) |
| Defendant. | |

## RULING ON PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE METRO-NORTH FROM MENTIONING VARIOUS IRRELEVANT AND UNDULY PREJUDICIAL FACTS

The plaintiff filed a motion in limine (Doc. # 68) to preclude Metro-North "from mentioning, referring or questioning any witnesses concerning" either (1) the plaintiff's hearing loss claim, and settlement of that claim, against Conrail,[1] or (2) evidence of the plaintiff's claim regarding a knee injury sustained in the mid 1990's, and the settlement of that claim. Pl.'s Motion in Limine (Doc. # 68). The plaintiff asserts that these matters are irrelevant to the issues that are the subject of the instant lawsuit, unduly prejudicial, and likely to mislead the jury. See Fed. R. Evid. 402, 403. This Court agrees and hereby conditionally GRANTS the plaintiff's motion in limine.

The Court's condition is that, in the event that the plaintiff places in issue either of the above-referenced claims,

---

[1] Conrail was previously a named defendant in the instant action.

the defendant will thereafter be permitted to offer the evidence that plaintiff seeks in his motion in limine to preclude.

### CONCLUSION

Plaintiff's Motion in Limine (Doc. # 68) is hereby GRANTED, with the condition that, should the plaintiff present evidence regarding the Conrail/Penn Central claim or the plaintiff's mid-1990's knee injury claim, the defendant will no longer be precluded from presenting evidence regarding those claims.

SO ORDERED

_____
ELLEN BREE BURNS
SENIOR UNITED STATES DISTRICT JUDGE

Dated at New Haven, Connecticut this 6th day of July, 2006.